Note: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3162

JACQUES A. DURR,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Joseph D. Magri, Merkle & Magri, P.A., of Tampa, Florida, for petitioner.

Jeffrey A. Gauger, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were B. Chad Bungard, General Counsel, and Rosa M. Koppel, Deputy General Counsel.

Appealed from: Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3162

JACQUES A. DURR,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD

Respondent.

Petition for review of the Merit Systems Protection Board in AT1221040293-B-1.

_____

DECIDED:  October 23, 2008

_____

Before RADER, LINN and MOORE, Circuit Judges.

PER CURIAM.

Jacques A. Durr, M.D. (Dr. Durr) appeals the final decision of the Merit Systems Protection Board (Board) dismissing his individual right of action (IRA) appeal for lack of jurisdiction.  Durr v. Dep't of Veterans Affairs, MSPB Docket No. AT1221040293-B-1 (Opinion and Order Jan. 24, 2007).  This court vacates and remands the Board's decision relating to Dr. Durr's disclosures regarding computer services.  However, this court affirms the Board's decision relating to Dr. Durr's disclosures regarding misuse of research time and money.

Dr. Durr was employed as the Chief of Nephrology at Bay Pines Veterans

Administration Medical Center (VAMC) in Bay Pines, Florida. Patient records at VAMC are kept via computer. Dr. Durr needed access to these records to perform his job duties. Frequent problems with VAMC's computer system hampered Dr. Durr's job duties. Although Dr. Durr complained to the Veteran's Administration Information Resource Management Services (IRMS) about these technical issues, IRMS failed to adequately resolve these problems.

On June 17, 2003, in an act of frustration, Dr. Durr placed the non-working computer in a trash can outside of his office. Dr. Durr intended for this symbolic act to call attention to his complaint. The next day, Dr. Durr left a voice mail message for IRMS disclosing this incident. Dr. Durr alleges that his voicemail included a statement to IRMS that the "total lack of support was hampering patient care." On July 14, 2003, Dr. Durr held a meeting with hospital executives to discuss the symbolic act and concerns regarding the computer system. On July 25, 2003, the VAMC Chief of Medicine sent a proposed admonishment to Dr. Durr, charging him with misuse of government property, disrespectful conduct and failure to cooperate during an official investigation.

In August 2003, Dr. Durr filed a complaint with the Office of Special Counsel (OSC). This complaint alleges that Dr. Durr made two protected disclosures to hospital personnel under the Whistleblower Protection Act: 1) that the non-functioning computer system created a substantial and specific danger to public health or safety; and 2) that VAMC's misuse of research funds and failure to give investigators required research time constituted gross mismanagement. Dr. Durr argued that hospital authorities threatened him with the proposed admonishment in reprisal for his whistleblowing.

The OSC denied Dr. Durr's complaint on November 18, 2003. In January 2004, Dr. Durr appealed to the Board. On March 19, 2004, the Administrative Judge (AJ) dismissed the appeal for lack of jurisdiction finding that the agency had rescinded the proposed admonishment. On July 18, 2005, the Board vacated the initial decision and remanded the appeal for further consideration of jurisdictional issues. On April 4, 2006, the AJ found that Dr. Durr failed to make a protected disclosure, and that there was no jurisdiction. On appeal for the second time, the Board modified the AJ's findings on January 24, 2007. Although the Board agreed that appellant failed to make a non-frivolous allegation of gross mismanagement, the Board disagreed with the AJ's conclusion that appellant had not made a non-frivolous allegation of a substantial and specific danger to public health or safety. Nevertheless, the Board decided that remand was not necessary because appellant failed to set forth enough detail explaining how the protected disclosure contributed to the agency's proposed admonishment. This appeal followed.

II

This court must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); Forest v. Merit Sys. Prot. Bd., 47 F.3d 409, 410 (Fed. Cir. 1995). Whether the Board has jurisdiction is a question of law which this court reviews de novo. See id. This court reviews the Board's factual determinations for substantial evidence. Bolton v. Merit Sys. Prot. Bd., 154 F.3d 1313, 1316 (Fed. Cir. 1998). Thus, although this court may freely review whether the Board

properly possessed jurisdiction, it is bound by the AJ's factual determinations unless those findings are not supported by substantial evidence.  See id. at 1316.

The Board has jurisdiction over Dr. Durr's IRA appeal if he first exhausts his administrative remedies before the OSC and makes non-frivolous allegations that (1) he engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8), and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).  See Yunus v. Dep't of Veterans Affairs, 242 F.3d 1367, 1371 (Fed. Cir. 2001).

A "protected disclosure" is a disclosure which "an employee . . . reasonably believes evidences (i) a violation of any law, rule, or regulation, or (ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety."  5 U.S.C. § 2302(b)(8)(a) (2008).  The test for determining whether a whistleblower has a reasonable belief in the disclosure is objective:  Whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee would reasonably conclude that the actions of the government evidence wrongdoing as defined by the Whistleblower Protection Act.  See Giove v. Dep't of Transp., 230 F.3d 1333, 1338 (Fed. Cir. 2000).  A party cannot establish jurisdiction with general assertions but must provide substantive details.  See Ellison v. Merit Sys. Prot. Bd., 7 F.3d 1031, 1036 (Fed. Cir. 1993).

With regard to the second prong, a protected disclosure is a "contributing factor" in an agency's personnel action if it satisfies the knowledge/timing test set forth in 5 U.S.C. § 1221(e)(1):

> The employee may demonstrate that the disclosure was a contributing
> factor in the personnel action through circumstantial evidence, such as

evidence that —
    (A) the official taking the personnel action knew of the disclosure; and
    (B) the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action.

5 USC § 1221(e)(1) (2008). According to the legislative history, satisfaction of the "knowledge/timing" test establishes *prima facie* that the disclosure is a contributing factor to the personnel action. See Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998).

Here, it is undisputed that Dr. Durr exhausted his remedies before the OSC. Thus, the jurisdictional analysis focuses on whether Dr. Durr made a non-frivolous allegation.

*A.    Dr. Durr's Disclosure Regarding the Non-Functioning Computer System*

The Board found that Dr. Durr made a non-frivolous allegation of a substantial and specific danger to public health or safety with respect to the non-functioning computer system. Nevertheless, the Board concluded that remand for further adjudication was not necessary. This court agrees with the Board's ultimate conclusion that Dr. Durr made a non-frivolous allegation. However, the Board's decision improperly focuses on Dr. Durr's September 10, 2003 letter to OSC, which was sent following the personnel action in question.

On appeal, the Board concedes that Dr. Durr made nonfrivolous allegations of protected disclosures occurring prior to the personnel action, including his June 18, 2003 voice mail message to the IRMS. Notably, the Board now "confesses error in its decision" and requests this court to "remand[] the case . . . ." In view of the Board's concession, this court grants the Board's request, vacates-in-part the Board's decision, and remands for proceedings on the merits of Dr. Durr's claim.

*B.     Dr. Durr's Disclosure Regarding the Misuse of Research Funds and Failure to Provide Required Research Time*

The Board found that Dr. Durr did not make a non-frivolous allegation of gross mismanagement with respect to the agency's decisions regarding research funding and time. On appeal, appellant argues that the VAMC misused research funds. Specifically, the agency failed to give Dr. Durr protected research time and funds in violation of agency directives that require "Medical Center Directors . . . [to] ensure that investigators are allocated appropriate time . . . to conduct funded research." The Board rejected appellant's argument because Dr. Durr failed to identify a misuse of research funds and time.

This court requires that "substantive details establishing jurisdiction . . . be alleged in the complaint." Ellison, 7 F.3d at 1036. Here, appellant failed to disclose sufficient information to support a reasonable inference of wrongdoing. The Board found that appellant failed to identify any funded research that Dr. Durr had not been provided time to conduct and how the money was otherwise used. The AJ concluded that "[b]ecause the appellant has not been provided time to conduct research does not necessarily mean that there has been any 'funded research' that the appellant was eligible to conduct." Similarly, that appellant "was not granted . . . [research] funds does not necessarily lead to the conclusion that the funds were misused." Because Dr. Durr has failed to identify what funded research he was eligible to conduct or how funds were misused, he has not made a non-frivolous allegation.

III

This court vacates and remands the Board's decision with respect to the disclosure of a substantial and specific danger to public health or safety regarding the

non-functioning computer system. This court affirms the Board's decision with respect to the disclosure of gross mismanagement regarding misuse of research time and money.

VACATE AND REMAND-IN-PART, AFFIRM-IN-PART

<u>COSTS</u>

Each party shall bear its own costs.